# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY KINDER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     No. 19-cv-2938 |
| SEAN FITZGERALD, Esq., *et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

**Joseph F. Leeson, Jr.**                                                                            **July 25, 2019**
**United States District Judge**

    *Pro se* Plaintiff Anthony Kinder has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 naming as Defendants Sean Fitzgerald, Esquire, the Berks County Public Defenders Office and Berks County. He also filed a Motion for Leave to Proceed *In Forma Pauperis*. For the following reasons, Kinder will be granted leave to proceed *in forma pauperis* and his Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     FACTS

    Kinder's Complaint is brief. He asserts that Defendant Fitzgerald served as his public defender in his criminal proceeding in Berks County. He alleges that Fitzgerald violated his Sixth Amendment right to counsel by neglecting his responsibilities. He also asserts that Fitzgerald failed to respond to his calls and letters and violated attorney-client confidentiality by telling the district attorney all that Kinder confided in him.[1]

---

[1] Although Kinder makes no specific allegation regarding the Berks County Public Defender Office or Berks County, the Court assumes Kinder has named them as defendants because they employ Defendant Fitzgerald.

## II. STANDARD OF REVIEW

The Court will grant Kinder leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fee to commence the civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Kinder is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *but see Argentina v. Gillette*, No. 19-1348, 2019 WL 2538020, at *1 (3d Cir. June 20, 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court

jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

The law is settled that criminal defense attorneys, even those employed as public defenders, are not state actors for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Accordingly, the claim against Defendant Fitzgerald must be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a plausible claim.

The claims against Berks County and the Berks County Public Defenders Office are also dismissed with prejudice because they are implausible. First, Kinder states no allegations against either Defendant. Second, to the extent that they are named as defendants merely because they employ Defendant Fitzgerald, Kinder fails to state a claim for municipal liability. In order to do so a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). "Pennsylvania

3

county offices . . . are treated as municipalities for purposes of *Monell*." *Hatfield v. Berube*, 714 F. App'x. 99, 102 n.1 (3d Cir. 2017) (citing *Mulholland v. Gov't Cty. of Berks, Pa.*,706 F.3d 227, 237 (3d Cir. 2013)). The claims against Berks County and the Berks County Public Defenders Office are implausible because the mere fact that they possibly employ Fitzgerald does not constitute a *Monell* "policy." An appropriate Order granting leave to proceed *in forma pauperis* and dismissing the Complaint with prejudice follows.[2]

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**

---

[2] The Complaint is dismissed with prejudice since any amendment of a claim based upon Fitzgerald's representation of Kinder would be futile.